[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12942
Non-Argument Calendar

_____

D. C. Docket No. 04-02208-CV-T-17-TBM

PAULINE EASTMAN,

Plaintiff-Appellant,

versus

TROPICANA PRODUCTS, INC.,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 27, 2006)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pauline Eastman appeals the district court's grant of summary judgment to

her former employer, Tropicana Products, Inc., on her claim that Tropicana retaliated against her for opposing an unlawful employment activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

Eastman argues that the district court erred in finding that she did not have an objectively reasonable belief that Tropicana had engaged in an unlawful employment activity when she complained (to Tropicana) that it had shut down a fruit-processing line on a racially discriminatory basis.  She asserts that her belief was objectively reasonable because racial discrimination claims can be based on the provision of better work assignments for workers of one ethnicity versus another.

As the district court stated in its April 20, 2006 order granting Tropicana's motion for summary judgment, "[e]ven if Eastman had a good faith belief that Tropicana engaged in unlawful race discrimination, Eastman's conduct [in complaining about it] was not protected by the opposition clause [of Title VII, 42 U.S.C. § 2000e-3(a)], because her belief was not objectively reasonable."  We agree, and therefore affirm the court's judgment.  We affirm as well for the second reason the court gave for granting Tropicana summary judgment: Eastman failed to establish a causal connection between the alleged discrimination and the alleged retaliation.

AFFIRMED.